# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Luis Fernando Pena-Fierro

Case No: 3:20-cr-28-6
USM No: 55023-074

Date of Original Judgment: 5/13/2022
Date of Previous Amended Judgment:

Bobby E. Hutson, Jr.
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 3/27/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CR-28-KAC-DCP-6 |
| | ) |
| LUIS FERNANDO PENA-FIERRO, | ) |
| | ) |
| Defendant. | ) |

## **ANALYSIS**

Before the Court is Defendant Luis Fernando Pena-Fierro's "Motion for Reduction in Sentence Pursuant to Guideline Amendment 821, Part B" [Doc. 267]. On May 13, 2022, the Court sentenced Defendant to seventy (70) months' imprisonment for conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 205 at 2]. On March 4, 2023, Defendant filed the instant Motion [Doc. 267], asking the Court to reduce his term of imprisonment from seventy (70) to fifty-seven (57) months or a sentence of time served under 18 U.S.C. § 3582(c)(2). On March 18, the United States responded [Doc. 268], agreeing that Defendant is a "zero-point offender" who is "eligible for a reduction in his term of imprisonment under Amendment 821 and" Section 3582(c)(2) but "defer[ring] to the Court's discretion whether and to what extent to reduce [Defendant's] term of imprisonment" because Defendant's "post-sentence conduct has been mixed" [*See* Doc. 268 at 1, 4].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

2

Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* § 4C1.1(a).

Here, Defendant is eligible for a reduction under Section 4C1.1. Defendant's initial total criminal history score was zero [Doc. 154 ¶ 37, *sealed]. And Section 4C1.1(2)-(10) are met. Based on a total offense level of twenty-seven (27) and a criminal history category of one (I), Defendant's previous advisory guideline range was seventy (70) to eighty-seven (87) months' imprisonment [Doc. 206 at 1, *sealed]. With Amendment 821, Defendant's total offense level would be twenty-five (25), resulting in an amended guideline range of fifty-seven (57) to seventy-one (71) months' imprisonment.

The relevant Section 3553(a) factors, however, do not support a reduction of Defendant's term of imprisonment. To date, Defendant has "participated in two educational courses, Parenting SHU and Step Ahead SHU Algebra Study" [*See* Docs. 267 at 3; 267-1]. *See* 18 U.S.C. § 3553(a)(1)-(2). But Defendant has received two (2) infractions while in the Bureau of Prisons ("BOP") for (1) possession of a hazardous tool and (2) possessing an unauthorized item [*See* Doc. 267-2]. *See* 18 U.S.C. § 3553(a)(1). The BOP divides those acts that are prohibited in its facilities into "four separate categories based on severity: Greatest; High; Moderate; and Low." *See* 28 C.F.R. § 541.3(a) (2024). The BOP classifies possessing a hazardous tool as one of the "Greatest Severity Level Prohibited Acts" *See id.* Table 1. And Defendant received a significant sanction for that "Greatest" severity infraction [*See* Doc. 267-2]. Defendant Pena-Fierro's continued pattern of misconduct in prison concerns the Court. It shows that the current, unmodified term of imprisonment is needed to provide deterrence and protect the public from any further crimes Defendant may commit.

4

*See* 18 U.S.C. § 3553(a)(2)(B), (C). On balance, then, the applicable 3553(a) factors do not support a reduction.